UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.   12-cr-00145-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.   PEGGY DERRERA, a/k/a Peggy Lee Jeffries, a/k/a Peggy Lee Hernandez,

    Defendant.

**ORDER**

THIS MATTER comes before the Court on Defendant's Unopposed Motion to: (1) Exclude Time and For Ends of Justice Continuance Under the Speedy Trial Act, (2) Vacate and Reset all Motions Deadlines and July 9, 2012 Trial Date [ECF No. 15], filed May 29, 2012.   In the motion, the Defendant Peggy Lee Jeffries[1] requests that 90 days be excluded from the speedy trial computation, that I vacate and reset the pretrial motions deadlines, and that I vacate the jury trial currently set to commence on July 9, 2012. Counsel assert that the ends of justice will be best served by granting an exclusion of time and that those ends of justice outweigh the best interests of the public pursuant to 18 U.S.C. § 3161(h).

By way of background, Mrs. Jeffries is charged in a 37 Count Indictment alleging a scheme to defraud the Social Security Administration (SSA) in violation of 18 U.S.C §

---

[1] As explained in the motion, the Defendant's legal name is Peggy Lee Jeffries.   While the body of the indictment repeatedly and accurately alleges that the defendant is married to Jeff Jeffries, it treats her married name as an alias in the title of the case.   To avoid confusion, the Defendant has indicated she will identify herself in her pleadings under her legal and married name.   For consistency, I will also refer to her by her legal and married name in this order.

1343 (wire fraud) and 42 U.S.C. § 1383a(a)(4) (concealment of event affecting social security benefits).   This scheme is alleged to have spanned a period of twenty years beginning in March 1990 and continuing through April 2010.   The Government alleges that Mrs. Jeffries, who is blind, failed to disclose to the SSA the fact of her marriage to Jeff Jeffries, that he was a member of her household, and that he earned "substantial income."   It also claims that by failing to disclose her disability payments in a 2002 bankruptcy proceeding, Mrs. Jeffries continued to defraud the SSA.

While the government has produce some documents maintained by the SSA, the Defendant requests additional time to investigate the existence of other documents and witnesses that may contradict the claims of the indictment and aid in her defense. Witnesses who interacted with Mr. and Mrs. Jeffries over the last twenty years must be identified and located.   Given the duration and age of the alleged scheme, the Defendant anticipates the preparation of her defense will be hampered by stale memories and therefore require additional investigation.

Turning to my analysis, the Speedy Trial Act requires a federal criminal trial to begin within seventy days from the filing of an information or indictment, or from the date of the defendant's initial appearance, whichever occurs later.   See 18 U.S.C. § 3161(c)(1).   The Tenth Circuit held that "[t]he Act serves two distinct interests: (1) to protect a defendant's right to a speedy indictment and trial, and (2) to serve the public interest in ensuring prompt criminal prosecutions.   *Zedner v. United States*, 547 U.S. 489, 126 S.Ct. 1976, 1985, 164 L.Ed.2d 749 (2006) (emphasizing that the Act intended not only to protect defendant's right to speedy trial, but also was 'designed with the public interest firmly in mind'); *United States v. Vogl*, 374 F.3d 976, 982 (10th Cir. 2004)."

*United States v. Williams*, 511 F.3d 1044, 1047 (10th Cir. 2007). The Tenth Circuit further stated that "[i]n balancing these two often-competing interests, the Act provides a detailed scheme under which a number of specified intervals are excluded from the seventy-day computation, thus tolling the speedy trial calendar. *See* 18 U.S.C. § 3161(h)." *Id.* The *Williams* Court went on to say that the Act "permits a district court to grant a continuance and to exclude the resulting interlude if it finds, on the record, that the ends of justice served by granting the continuance outweigh the interests of the public and the defendant in a speedy trial. This provision affords a trial court substantial discretion to accommodate periods of delay to address the specific needs of a particular case. *Zedner*, 126 S.Ct. at 1984." *Id.* at 1048-49 (internal citation omitted). However, the Tenth Circuit has cautioned that "ends-of-justice continuances should not be granted cavalierly. *See United States v. Doran*, 882 F.2d 1511, 1515 (10th Cir.1989) (observing that such continuances were 'meant to be a rarely used tool' (internal quotation marks omitted) (*quoting United States v. Tunnessen*, 763 F.2d 74, 76 (2d Cir.1985))." *Id.*

The Tenth Circuit reaffirmed its holdings in *Williams* and *Doran* and emphasized that the ends of justice exception to the Speedy Trial Act "was meant to be a rarely used tool for those cases demanding more flexible treatment." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Doran*, 882 F.2d 1511, 1515 (10th Cir. 1989). "The requirement that the district court make clear on the record its reasons for granting an ends-of justice continuance serves two core purposes. It both ensures the district court considers the relevant factors and provides the court with an adequate record to review." *Id.* (citations omitted). The *Toombs* Court noted that the record "must contain an explanation of why the mere occurrence of the event identified by

the party as necessitating the continuance results in the need for additional time." *Id.* at *7.

Having carefully considered the motion and the controlling law, I find that the unopposed motion for an ends of justice continuance should be granted pursuant to 18 U.S.C. §3161(h)(7)(A) and (B)(i).   Due to defense counsel's need for additional time to investigate the facts surrounding the alleged scheme to defraud the SSA and because the Defendant will need to identify and interview witnesses relevant to a twenty-year period, I find that the failure to grant a continuance in this case, would deny the Defendant and her counsel the reasonable time necessary for effective trial preparation, taking into account the exercise of due diligence, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv).   I further find that the ends of justice served by an additional ninety day extension of the speedy trial deadlines outweigh the best interest of the public and the Defendant in a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A), (B)(i) and (iv).   Therefore, it is

ORDERED that the Defendant's Unopposed Motion to: (1) Exclude Time and For Ends of Justice Continuance Under the Speedy Trial Act, (2) Vacate and Reset all Motions Deadlines and July 9, 2012 Trial Date [ECF No. 15], filed May 29, 2012, is **GRANTED.**   In accordance therewith, it is

FURTHER ORDERED that the jury trial set for Monday, July 9, 2012 is **VACATED.** A status conference is **SET** for **Tuesday, July 24, 2012 at 11:00 a.m.**   It is

FURTHER ORDERED that the pretrial motions deadline previously set for May 28, 2012 is extended until **Monday, July 9, 2012.** It is

FURTHER ORDERED that the parties shall file a joint status report no later than **Monday, July 9, 2012.**   It is

FURTHER ORDERED that an additional **(90) ninety days** are excluded from the speedy trial deadline.

Dated:   May 30, 2012.

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL
CHIEF U. S. DISTRICT JUDGE